UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                       Case Number 16-20839

v.                                                   Honorable David M. Lawson

BRAINT N. HALL,

        Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT I OF THE SUPERSEDING INDICTMENT OR FOR A BILL OF PARTICULARS**

Defendant Braint N. Hall is charged in a nine-count superseding indictment with dodging his income tax obligations by not filing tax returns over multiple years and attempting to interfere with an Internal Revenue Service (IRS) investigation. The government alleges that Hall operated a janitorial services business under various names in an effort to conceal his ownership of the business, diverted customer payments to nominee companies, and lied to an IRS investigator about the business operations. Hall has filed a motion to dismiss count I of the superseding indictment, arguing that it fails to allege a crime and the clause of the statute, the so-called "omnibus clause" of 26 U.S.C. § 7212a, is unconstitutionally vague. Alternatively, Hall asks for a Bill of Particulars. The Court heard oral argument on the motion on June 20, 2017, and allowed the parties to file supplemental briefs thereafter. The government filed its brief, and the defendant's time for filing has lapsed. Although count I of the superseding indictment could have been drafted with more specificity, it alleges an offense under 26 U.S.C. § 7212a, a statute that is not void for vagueness. The discovery furnished by the government adequately fills the gaps in the government's allegations, obviating the need for a Bill of Particulars. Therefore, the defendant's motion will be denied.

I.

The grand jury alleged that Hall operated a janitorial business in Detroit from July 2001 through the present. Hall has operated his janitorial business under a variety of names including his own, Braint N. Hall Inc., Sunrise Janitorial Service, Sunrise Janitorial and Maintenance, Inc., and Detroit Industrial Cleaners. The government alleges that Hall has not filed an individual or corporate tax return with the Internal Revenue Service (IRS) since 2010. Nor has he filed United States corporation tax returns for the businesses that were under his control during the same time period.

The government alleges that the IRS started looking into Hall's failure to file his income tax returns in the spring of 2009. There is no suggestion, however, that Hall was notified of the investigation at that time. He was interviewed by an IRS officer on January 4, 2011, according to the superseding indictment. The subject of the interview was Hall's personal tax returns and those related to his janitorial business. The government alleges that Hall gave false statements to the IRS officer, but the superseding indictment does not specify how they were false. An IRS officer interviewed Hall again about his tax returns and janitorial business on June 13, 2011. The agent discussed the ownership of the business, the business' bank accounts, and the client relationships. The government alleges that the defendant gave false statements at that meeting as well but does not say how those statements were false.

The superseding indictment alleges that in February 2010, Hall caused a relative to incorporate Sunrise Janitorial and Maintenance, Inc. in order to hide Hall's control and ownership of his company. In March of 2011, Hall caused a relative to open a bank account for SJM. The government alleges that although the relative was the only person with signature authority, Hall

controlled the disbursement of funds from that bank account. The government also alleges that in 2011 Hall transferred the janitorial business operations — employees, equipment, contracts — to Sunrise. Hall failed to issue W-2 and 1099 forms for Sunrise employees.

The superseding indictment also alleges that in August of 2010, Hall caused a relative to incorporate Detroit Industrial Cleaners in order to hide his control and ownership of that company. The government alleges that in 2015, Hall transferred his then-existing janitorial business to Detroit Industrial, and he failed to issue W-2 and 1099 forms to his employees and independent contractors. He also failed to file a corporate income tax return.

In count I of the superseding indictment, the grand jury charges that Hall violated 26 U.S.C. § 7212a because he "corruptly" tried "to obstruct and impede the due administration" of the tax laws by:

> (1) making false and misleading statements about his janitorial business to the IRS; (2) causing a nominee to incorporate Sunrise Janitorial and Maintenance, Inc.; (3) causing a nominee to open a bank account in the name of Sunrise Janitorial and Maintenance, Inc.; (4) causing another nominee to incorporate Detroit Industrial Cleaners, Inc.; (5) causing Sunrise Janitorial and Maintenance, Inc. and Detroit Industrial Cleaners, Inc. to assume the business operations of [his] existing janitorial service including its employees, equipment[,] and client contracts; and (6) instructing customers of [his] janitorial business to pay Sunrise Janitorial and Maintenance, Inc. and Detroit Industrial Cleaners, Inc.

The defendant has moved to dismiss count I because it does not allege an investigation or proceeding that the defendant attempted to impede, and the applicable subsection of 26 U.S.C. § 7212a allegedly violated offends the Due Process Clause because it is vague.

# I.

## A.

A defendant may move under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss an indictment that "fail[s] to state an offense." An indictment does not state an offense adequately unless it alleges each element of the offense, "'fairly informs a defendant of the charge against which he must defend,'" and "'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). When assessing the sufficiency of the charge, the examination focuses on the indictment itself, and not on the underlying evidence of the crime. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (citing *Costello v. United States*, 350 U.S. 359, 362-63 (1956); *United States v. Powell*, 823 F.2d 996, 999-1001 (6th Cir.1987); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982)).

> Section 7212a, Title 26, United States Code states:
>
> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, *or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title*, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

(Emphasis added).

The Sixth Circuit has recognized that the statute contains clauses that define two means by which the crime can be committed. "The first clause is aimed at specific threats against an officer

or employee acting in an official capacity, and the second clause is known as the 'omnibus clause' which is a 'catch-all' clause aimed at other activities which may obstruct or impede the due administration of the title." *United States v. Kassouf*, 144 F.3d 952, 955 (6th Cir. 1998). It is the second clause, italicized above, that is in play in this case.

The statutory language itself yields the elements of the crime. To be guilty of violating the omnibus clause of section 7212a, a defendant must (1) act "corruptly" or use "force or threats of force" (2) thereby "obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede" (3) "the due administration of" the Internal Revenue Code. The Sixth Circuit has construed that last element as requiring proof of "some pending IRS action of which the defendant was aware," which "may include, but is not limited to, subpoenas, audits or criminal tax investigations." *Kassouf*, 144 F.3d at 957 & n.2. That view is not universally held. *See United States v. Marek*, 548 F.3d 147,150 (1st Cir. 2008); *see also United States v. Marinello*, 839 F.3d 209, 222 (2d Cir. 2016), *cert. granted*, No. 16-1144, 2017 WL 1079367 (June 27, 2017).

The year after *Kassouf* was decided, another panel of the Sixth Circuit attempted to limit it to its facts. *United States v. Bowman*, 173 F.3d 595 (6th Cir. 1999). In *Bowman*, the defendant was prosecuted under section 7212(a)'s omnibus clause after he attempted to prompt an IRS investigation into several of his creditors by filing forms with the IRS that falsely declared that his creditors had received certain taxable income. *Id.* at 596-97. Bowman argued that his conviction under the omnibus clause could not stand because there was no pending IRS action, as required under *Kassouf*. *Id.* at 599. The Sixth Circuit held "that *Kassouf* must be limited to its precise holding and facts." *Id.* at 600. The *Bowman* panel said that "an individual's deliberate filing of false forms with the IRS specifically for the purpose of causing the IRS to initiate action against a

taxpayer is encompassed within § 7212(a)'s proscribed conduct." *Ibid*. And "unless *Kassouf* is limited to its facts, its effect would be to prevent the prosecution of actions whose sole purpose is to obstruct or impede the IRS in the administration of its duties, as those acts of obstruction only trigger or attempt to trigger investigations by the IRS." *Ibid*.

Several circuits concluded that *Bowman* "functionally eviscerated *Kassouf*." *United States v. Miner*, 774 F.3d 336, 345 (6th Cir. 2014). However, in *Miner*, the Sixth Circuit set the record straight. As an initial matter, the *Miner* panel noted that "[t]o the extent that *Kassouf* and *Bowman* conflict, of course, the first-in-time (*Kassouf*) controls." *Id*. at 344. *Miner* cast *Bowman* as an exception to *Kassouf*, rather than the other way around. *Ibid*. The panel held that "*Bowman* is much the narrower of the two decisions." *Id*. at 345. More to the point, the court held that to establish a violation of section 7212(a)'s omnibus clause "the government must prove that the defendant is aware that the IRS has taken some step to investigate a particular taxpayer beyond routine administrative procedures such as those required to accept and process tax filings in the ordinary course." *Id.* at 346. The court explained that the defendant's "impeding conduct must be linked to a specific IRS inquiry into a particular taxpayer." *Ibid.*

The defendant here argues that count I of the superseding indictment is defective because it does not allege a pending IRS proceeding that he allegedly tried to impede. The Court disagrees. It is true that the superseding indictment does not in so many words explicitly allege that the defendant knew that the IRS was looking into income tax irregularities attributable to him. But it does allege that the IRS commenced an investigation in 2009 into Hall's failure to file tax returns, and that an IRS compliance officer interviewed Hall about his tax returns in January 2011 and again in June of that year. That is sufficient to allege that Hall "kn[e]w[] that the IRS's interest in [him]

ha[d] been piqued in a manner that is out of the ordinary." *Miner*, 774 F.3d at 346. And that is all that is required to satisfy *Kassouf*'s requirement of showing "some pending IRS action of which the defendant was aware." *Kassouf*, 144 F.3d at 957. *See Miner*, 774 F.3d at 346. It is instructive to note that in *Kassouf*, the defendant argued that "no IRS agent approached him, was intimidated, threatened or bribed, and that it cannot be sufficient to impose criminal liability upon mere allegations that the IRS's job was made harder." *Kassouf*, 144 F.3d at 955. Hall makes no such argument here, and the indictment alleges otherwise.

Count I alleges an offense under 26 U.S.C. § 7212a.

B.

Hall also argues that count I must be dismissed because the charging statute is unconstitutionally vague, despite *Kassouf*'s limiting construction. He contends that the omnibus clause provides no guidance to the public or prosecutors to understand what is prohibited, and it could punish attempts to limit tax liability that are not criminal.

The vagueness doctrine has its roots in the Due Process Clause. *Johnson v. United States*, --- U.S. ---, 135 S. Ct 2551, 2556-57 (2015) (explaining "that the Government violates [the Fifth Amendment's due process] guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement") (citing *Kolender v. Lawson*, 461 U.S. 352, 357-358 (1983)). The Sixth Circuit has "recognized that the vagueness doctrine has two primary goals: (1) to ensure fair notice to the citizenry and (2) to provide standards for enforcement by police, judges, and juries." *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 551 (6th Cir. 2007) (citing *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1104 (6th Cir. 1995)).

The Sixth Circuit has twice held that section 7212(a)'s omnibus clause is not unconstitutionally vague, mainly because of *Kassouf*'s limiting construction. *Kassouf*, 144 F.3d at 958; *Miner,* 774 F.3d 347. Hall contends that the indictment describes conduct that may not be criminal in itself. For example, incorporating a business in the name of a nominee, having non-business owners serve as exclusive signatories on bank accounts, and transferring customer contracts and accounts among related entities is not illegal. That conduct will not violate section 7212a unless two distinct features are established by the evidence: the acts are done "corruptly," and they are committed with the specific purpose of "imped[ing] the IRS's inquiries into the taxpayer" after the taxpayer is made aware of an investigation or proceeding under the Internal Revenue Code. *Miner*, 774 F.3d at 346. An act is not committed "corruptly" unless it is done "with the intent to secure an unlawful benefit either for oneself or another." *Id.* at 348 (quoting *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004)).

Those limitations both provide fair notice to the public that otherwise lawful acts could be criminal when committed with an unlawful intent and purpose, and restrict the reach of the statute to deeds that are intended to interfere with an IRS investigation of which the actor is aware. The omnibus clause of section 7212a is not unconstitutionally vague.

### III.

The defendant also seeks a Bill of Particulars to elucidate the following allegations: "(1) which IRS investigations Mr. Hall allegedly knew about; (2) how his actions were designed to impede those investigations; (3) how his actions caused him to obtain a benefit for himself or another; (4) what benefit he attempted to obtain; (5) what law prohibited his right to obtain the

benefit; and (6) which statements Mr. Hall made to IRS agents were false." Def.'s Br. in Supp. of Mot. at 15.

Federal Rule of Criminal Procedure 7(f) authorizes"[t]he court [to] direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A Bill of Particulars is needed when the indictment does not provide enough detail

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965)). It "is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *Birmley*, 529 F.2d at 108; *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

The Court does not see how a Bill of Particulars is necessary to explicate items one through five in the defendant's list. The superseding indictment alleges that the IRS was investigating Hall's failure to file income taxes for his business(es) since 2002, and lays out a scheme that Hall engineered with the alleged intent to impede the inquiry into whether Hall owed taxes and how much. All that is summarized in the charging statement, which sets out the who, what, when, where, and why of it.

Hall does have a point about the specifics of the alleged false statements, which allegedly were part of the attempt to impede the investigation into his failure to file tax returns. The superseding indictment contains no details about what Hall allegedly said and why the government

believes it was false. But "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739 (6th Cir. 1991) *superseded on other grounds by statute United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000). The government insists that it has provided extensive discovery that sets out all the details of Hall's false statements.

The government asserts — and the defendant does not deny — that on May 11, 2017, it supplied the defense with all the memoranda of interviews (MOIs) conducted by the IRS agent through that date. A subset of those MOIs memorialize statements of witnesses the government intends to call at trial. Then on June 2, 2017, the government supplied the defense with copies of the trial exhibits that it intends to use in its case in chief.

Government's Exhibit 116 contains a timeline of Mr. Hall's contacts with the IRS from 2009 to 2015. The superseding indictment alleges that on January 4, 2011 Hall made "false statements" to an IRS tax compliance officer concerning "the janitorial business, including false information about the business' client relationships." Superceding Indictment ¶ 5. The false statements are described in IRS employee Christine Schaeffer's notes of her January 4, 2011 interview with Hall and in her memorandum of interview dated September 22, 2016. According to Schaeffer, Hall told her that he did not have contracts with any of Sunrise Janitorial's clients. However, the government intends to offer evidence that shows otherwise. In addition, during the January 4, 2011 interview, Hall allegedly told Schaeffer that he did not pay any laborers more than $600 per year so that he did not have to file Forms 1099. However, Schaeffer's analysis of Sunrise's Janitorial's payments revealed that Hall paid numerous employees more than $600 per year.

The superceding indictment charges that on June 13, 2011, Hall "made false statements about the janitorial business, including false information about the ownership of the business, the business' bank accounts, and its client relationships." *Id.* ¶ 6. According to Schaeffer's notes from the June 13, 2011 interview, Hall said that his father had owned the company and that his father was a signor on the Charter One corporate bank account. And Hall allegedly said that it was his father that dealt with clients and negotiated client contracts, except when his father was ill in 2008 and 2009. For example, Hall asserted that his father obtained a contract with Detroit Edison Public School Academy. However, the government intends to offer testimony from Detroit Edison employees that they never met Hall's father.

The government alleges that Hall and his corporations had business receipts ranging from $124,656 and $443,140 for the years 2010 through 2015, yet he never filed tax returns for himself or his corporations for those years. The government further contends that he did not file W-2 and 1099 forms for his employees. It argues that Hall received an unlawful benefit resulting from obstructing the investigation into his failure to pay individual, corporate, and employee taxes.

Assuming that Schaeffer's notes are complete, the MOIs define the universe of allegedly false statements that the government intends to prove at trial to satisfy the allegation in count I of the superseding indictment. Limiting the government to those proofs should be adequate to eliminate "surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Salisbury*, 983 F.2d at 1375. The discovery, therefore, obviates the need for a Bill of Particulars.

IV.

Count I of the superseding indictment charges an offense under 26 U.S.C. § 7212a, and that statute, as limited by the construction in the applicable Sixth Circuit cases, is not unconstitutionally vague. The discovery furnished by the government eliminates the need for a Bill of Particulars on the superseding indictment's allegations of false statements, and the superseding indictment otherwise is sufficiently specific on the other items listed by the defendant.

Accordingly, it is **ORDERED** that the defendant's renewed motion to dismiss count I of the superseding indictment or for a Bill of Particulars [dkt. #22] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 9, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI